UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 01 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHAD THRONE, individually, and on behalf of other members of the general public similarly situated,<br><br>        Plaintiff - Movant<br><br>and<br><br>NICHOLAS TCHIKOVANI,<br><br>        Plaintiff - Appellant<br><br>v.<br><br>CITICORP INVESTMENT SERVICES INC.,<br><br>        Defendant - Appellee | No. 09-55114<br><br>D.C. No. 2:07-cv-00113-ABC-RZ<br>U.S. District Court for Central California, Los Angeles<br><br>**MANDATE**<br><br>RECEIVED<br>CLERK, U.S. DISTRICT COURT<br><br>JUN - 1 2010<br><br>CENTRAL DISTRICT OF CALIFORNIA<br>BY _____ DEPUTY |
| CHAD THRONE, individually, and on behalf of other members of the general public similarly situated,<br><br>        Plaintiff - Movant<br><br>and<br><br>NICHOLAS TCHIKOVANI, | No. 09-55253<br><br>D.C. No. 2:07-cv-00113-ABC-RZ<br>U.S. District Court for Central California, Los Angeles |

|                                      |
| ------------------------------------ |
| Plaintiff - Appellant                |
| v.                                   |
| CITICORP INVESTMENT SERVICES INC.,   |
| Defendant - Appellee                 |

The judgment of this Court, entered April 30, 2010, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

Costs awarded to Chad Throne in the amount of $103.80.

FOR THE COURT:

Molly C. Dwyer
Clerk of Court

Rhonda Roberts
Deputy Clerk

**FILED**

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 30 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHAD THRONE, individually, and on behalf of other members of the general public similarly situated, | No. 09-55114 |
| Plaintiff - Movant, | D.C. No. 2:07-cv-00113-ABC-RZ |
| and | MEMORANDUM* |
| NICHOLAS TCHIKOVANI, | |
| Plaintiff - Appellant, | |
| v. | |
| CITICORP INVESTMENT SERVICES INC., | |
| Defendant - Appellee. | |

| | |
|---|---|
| CHAD THRONE, individually, and on behalf of other members of the general public similarly situated, | No. 09-55253 |
| Plaintiff - Movant, | D.C. No. 2:07-cv-00113-ABC-RZ |
| and | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| |
|---|
| NICHOLAS TCHIKOVANI,<br><br>    Plaintiff - Appellant,<br><br>v.<br><br>CITICORP INVESTMENT SERVICES INC.,<br><br>    Defendant - Appellee. |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, Chief District Judge, Presiding

Argued and Submitted April 6, 2010
Pasadena, California

Before: PREGERSON and THOMPSON, Circuit Judges, and GRAHAM, Senior District Judge.**

Plaintiff-Appellant, Nicholas Tchikovani ("Tchikovani") appeals the district court's denial of his motion for attorneys' fees.

Tchikovani and Chad Throne ("Throne") were both named plaintiffs in separate class actions against Citicorp. At Throne's request, the district court consolidated the Tchikovani and Throne actions. Throne's attorneys became lead counsel, and Tchikovani's attorneys became non-lead counsel in that consolidated action.

---

    ** The Honorable James L. Graham, Senior United States District Judge for the Southern District of Ohio, sitting by designation.

Before the Tchikovani and Throne actions were consolidated, Throne's attorneys reached a stipulated settlement agreement with Citicorp. Tchikovani's attorneys were not involved in the negotiations that resulted in that stipulated settlement agreement. After Throne and Citicorp agreed to a pre-final draft of the settlement, Throne sent a copy of the draft to Tchikovani's attorneys. Tchikovani's attorneys suggested some minor changes to the settlement. Tchikovani's attorneys were not otherwise involved in negotiating the settlement, and the settlement fund amount did not change after Tchikovani's attorneys reviewed the settlement agreement.

The district court found that Tchikovani was not entitled to recover attorneys' fees because Tchikovani's attorneys were not actively involved in reaching the settlement and their work did not substantially benefit the class. *See Fischel v. Equitable Life Assurance Soc'y of the U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002); *In re FPI/Agretech Sec. Litig.*, 105 F.3d 469, 475 (9th Cir. 1997); *Chem. Bank v. Jaffe & Schlesinger, P.A.*, 19 F.3d 1306, 1308 (9th Cir. 1994). We have jurisdiction under 28 U.S.C. § 1291, and we affirm for the reasons stated by the district court.

We note there is also an additional independent basis for affirming the district court. The settlement agreement in this case contained an express waiver of the right to appeal: "With the exception of a right to appeal the reduction of any

award of attorneys' fees and costs, as provided herein, the Named Plaintiffs and [Citigroup] hereby waive their right to appeal or seek other judicial review of any order that is materially consistent with the terms of this Agreement." *See Guseinov v. Burns*, 51 Cal. Rptr. 3d 903, 909-10 (Cal. Ct. App. 2006); *Pratt v. Gursey, Schneider & Co.*, 95 Cal. Rptr. 2d 695, 698-99 (Cal. Ct. App. 2000).[1] Thus, by agreeing to the settlement, Tchikovani waived his right to appeal the district court's denial of his motion for attorneys' fees unless the district court reduced the total award of attorneys' fees below the amount provided for in the settlement. *Cf. Guseinov*, 51 Cal. Rptr. at 910 (explaining that language waiving right to appeal an award and "any order" pertaining to the award is an express waiver of the right to appeal judicial action enforcing the award).

The settlement provided that lead class counsel would move for up to $1,437,500 in attorneys' fees. Throne's attorneys, lead class counsel, did move for $1,437,500 in attorneys' fees. The district court granted that motion, and the district court did not reduce that award. Thus, there had been no reduction to the award of attorneys' fees as provided for in the settlement agreement.

---

[1] Interpretation of the settlement agreement is governed by California law. *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989) ("The construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally."); *see, e.g., Navarro v. Mukasey*, 518 F.3d 729, 733 (9th Cir. 2008) (applying California contract law to interpret a class action settlement agreement negotiated in California)

Consequently, Tchikovani waived his right to pursue this appeal. For this reason too, we affirm the district court.

Finally, Throne requests sanctions against Tchikovani for filing a frivolous appeal. We may award damages and costs for an appeal "when the results are obvious or the arguments are wholly without merit." *NLRB v. Unbelievable, Inc.*, 71 F.3d 1434, 1441 (9th Cir. 1995); *see also* Fed. R. App. P. 38. Because Tchikovani's contentions on appeal are wholly without merit, we award Throne full attorneys' fees and costs for this appeal and refer the calculation of the amount of those fees and costs to the Appellate Commissioner, who is authorized to enter judgment thereon. *See* 9th Cir. R. 39-1.9.

**Judgment of the district court AFFIRMED. Throne's request for attorneys' fees and costs associated with this appeal GRANTED.**